```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASIR MCMILLIAN,

                 Plaintiff,

-against-

B. COLON; BROOKS; ULERIO; P. DELOVIC;
J. FRANSCO; JOFSEN; J. RODRIGUEZ; SING
SING CORRECTOINAL FACILITY,

                 Defendants.

24-CV-5522 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff, who currently is incarcerated at Otisville Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants assaulted him on January 2, 2024, at Sing Sing Correctional Facility. By order dated July 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As set forth in this order, the Court (1) orders service on Defendants B. Colon, P. Delovic, J. Rodriguez, J. Fransco, Brooks, and Ulerio; (2) dismisses the claims against Josfen for failure to state a claim on which relief may be granted; and (3) dismisses the claims against Sing Sing Correctional Facility under the Eleventh Amendment. Local Civil Rule 33.2 applies to this action.

### STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     Order of Service on B. Colon, P. Delovic, J. Rodriguez, J. Fransco, Brooks, and Ulerio**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants B. Colon, P. Delovic, J. Rodriguez, J. Fransco, Brooks, and Ulerio through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

**C.      Claims Against Jofsen**

Plaintiff lists Sergeant Jofsen in the caption of the complaint but he does not allege any facts suggesting Jofsen's involvement in the alleged assault. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Jofsen was personally involved in the events underlying his claims. Plaintiff's claims against this Defendant are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Claims Against Sing Sing Correctional Facility**

Plaintiff's claims against Sing Sing Correctional Facility must be dismissed. To state a claim under Section 1983, "the plaintiff must name the 'person' who violated or caused the violation of plaintiff's constitutional rights.'" *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-0420 (Sotomayor, J.), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997). Sing Sing Correctional Facility is not a "person" within the meaning of Section 1983. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of Section 1983); *Whitley*, 1997 WL 659100, at *7 (correctional facility not a "person" within the meaning of Section 1983). The Court therefore dismisses Plaintiff's claims against Sing Sing Correctional Facility for failure to state a claim.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] Plaintiff's claims also cannot proceed against Sing Sing, a state correctional facility, because claims against state instrumentalities are barred under the Eleventh Amendment "unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendants B. Colon, P. Delovic, J. Rodriguez, J. Fransco, Brooks, and Ulerio, complete the USM-285 form with the address for each of these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action.

The Court dismisses Plaintiff's claims against Jofsen, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to file an amended complaint. An "Amended Complaint" form is attached to this order.

The Court dismisses Plaintiff's claims against Sing Sing Correctional Facility. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to mail Plaintiff an information package.

SO ORDERED.

Dated:   August 20, 2024
         White Plains, New York

                                                    _____
                                                          NELSON S. ROMÁN
                                                       United States District Judge

---

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Correction Officer B. Colon
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

2. Correction Officer P. Delovic
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

3. Correction Officer J. Fransco
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

4. Correction Officer J. Rodriguez
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

5. Sergeant Brooks
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

6. Sergeant Ulerio
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes    ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____ , is a citizen of the State of
                  (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name            Middle Initial            Last Name

_____

Street Address

_____

County, City                    State                    Zip Code

_____

Telephone Number                Email Address (if available)

Page 3

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                      Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City            State            Zip Code

Defendant 2:
_____
First Name                      Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City            State            Zip Code

Defendant 3:
_____
First Name                      Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City            State            Zip Code

Defendant 4: _____

               First Name               Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City         State         Zip Code

### III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____                _____
Dated                                          Plaintiff's Signature

_____                _____
First Name          Middle Initial             Last Name

_____
Street Address

_____                _____
County, City                    State                       Zip Code

_____                _____
Telephone Number                               Email Address (if available)


I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.